OPINION
{¶ 1} Defendant-appellant Kevin D. Brown appeals from his conviction and sentence for one count of Robbery and one count of Receiving Stolen Property, *Page 2 
following his guilty plea to both charges. Brown's assigned appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, wherein she has indicated that she has reviewed the record and has found no potential assignments of error having arguable merit.
 {¶ 2} By entry of this court filed February 1, 2008, Brown was allowed 60 days within which to file his own, pro se brief. He has not done so.
 {¶ 3} Under Anders v. California, supra, we have conducted an independent review of the record to determine whether there are any potential assignments of error having arguable merit. We have not found any.
 {¶ 4} Brown was charged, in one indictment, with one count of Robbery, alleged to have occurred on January 9, 2007, and in another indictment, with one count of Robbery and one count of Receiving Stolen Property, both of which were alleged to have occurred on December 27, 2006. After discovery and various scheduling orders, Brown agreed to plead guilty to the one count of Robbery alleged to have occurred in January, 2007, and to the count of Receiving Stolen Property alleged to have occurred in December, 2006, with the count of Robbery alleged to have occurred on that date being dismissed by the State.
 {¶ 5} Brown appeared before the trial court and tendered his plea. We have reviewed the plea colloquy, and it complied with all the requirements of Crim. R. 11. The trial court ordered a pre-sentence investigation, and set the matter for sentencing at a later date.
 {¶ 6} At the sentencing hearing, one victim spoke, and Brown and his attorney were afforded the opportunity to speak. After which, the trial court made the following *Page 3 
comment:
 {¶ 7} "Mr. Brown, from my calculation, this is at least your 16th felony offense. All of them, I believe except one, are theft related. And you have been to the institution — to be honest with you, I lost count a number of times when I was looking at your PSI. You don't seem to have a lot of respect for others or their property.
 {¶ 8} "Sir, after considering the purposes and principles of sentencing, the serious[ness] and recidivism factors, on the receiving stolen property, I'm going to sentence you to 12 months at the Correction Reception Center.
 {¶ 9} "On the robbery count, I'm going to sentence you to five years at the Correction Reception Center, to be served concurrently.
 {¶ 10} "I'm going to order that you pay restitution to Anika Fox in the amount of $228.92, as well as court costs as determined by the Clerk of Courts."
 {¶ 11} These were the maximum sentences that the trial court could impose, but they were ordered to be served concurrently, thereby reducing the aggregate sentence that the trial court could have imposed — six years — to just five years. In view of Brown's extensive prior record, we can see no non-frivolous argument that Brown can make that the sentence imposed was an abuse of discretion, disproportionate, or otherwise excessive.
 {¶ 12} After reviewing the entire record, we find no potential assignments of error having arguable merit, and we find this appeal to be wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
Copies mailed to:
 Hon. Mary Katherine Huffman *Page 1